J-S74029-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FREDRICK A. POSTIE, | : | |
| | : | |
| Appellant | : | No. 1089 EDA 2014 |

Appeal from the Judgment of Sentence October 7, 2013,
Court of Common Pleas, Carbon County,
Criminal Division at No. CP-13-CR-0000168-2012

BEFORE: BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED DECEMBER 30, 2014**

Appellant, Fredrick A. Postie ("Postie"), appeals, pro se, from the judgment of sentence entered on October 7, 2013 by the Court of Common Pleas of Carbon County, Criminal Division, following his convictions for one count of retail theft[1] and one count of attempt to commit retail theft.[2] For the reasons that follow, we affirm Postie's convictions, but vacate his judgment of sentence and remand for re-sentencing.

The trial court summarized the facts and procedural history of this case as follows:

> On July 22, 2011, at approximately 12:05 p.m., Officer Joseph David (hereinafter "Officer David") of the Mahoning Township Police Department responded to a call from [Walmart] regarding a retail

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] 18 Pa.C.S.A. §§ 901(a), 3929(a)(1).

*Retired Senior Judge assigned to the Superior Court.

theft. The [Walmart] Loss Prevention Department (hereinafter "Loss Prevention) had reported that on July 22, 2011 at approximately 2:04 a.m., a total of thirteen (13) Apple iPhones had been stolen from the electronics section of the store. Each iPhone was valued at approximately [$599.00], for a total loss of [$8,254.22]. Officer David testified that he received surveillance footage from [Walmart] showing the theft of the iPhones. He had received phone calls from individuals identifying the man in the video as [Postie]. Based upon those phone calls, Officer David reviewed [Postie]'s driver's license photo on the police JNET system to compare it to the surveillance footage. Officer David determined that [Postie] was the same individual in the footage obtained from Loss Prevention. The initial criminal complaint was filed on October 21, 2011, charging [Postie] with retail theft of thirteen (13) Apple iPhones.

[Postie] entered a guilty plea on February 4, 2013. Prior to sentencing, [Postie] filed a petition to withdraw his guilty plea. [Postie]'s petition was granted on June 25, 2013 and the matter was listed for a jury trial commencing on August 5, 2013.

On July 25, 2013, [Postie] filed a "Motion to Exclude Videos." Following oral argument on July 31, 2013, this [c]ourt denied [Postie]'s motion. On July 30, 2013, the Commonwealth filed a "Petition to Amend Criminal Information" to charge [Postie] with [c]riminal [a]ttempt – [r]etail [t]heft. On July 31, 2013, after oral argument, this [c]ourt granted the Commonwealth's petition and the criminal information was amended to reflect a count of [c]riminal [a]ttempt – [r]etail [t]heft.

On August 3, 2013, [Postie] executed a waiver of counsel form and acknowledged that he had chosen to act as his own counsel throughout the jury trial. Attorney Joseph V. Sebelin, Jr., Esquire was appointed as standby counsel for [Postie]. The jury trial commenced on August 5, 2013. At the

conclusion of the trial, the jury returned a verdict of guilty on [c]ount #1 [r]etail [t]heft – [t]aking [m]erchandise and a verdict of guilty on [c]ount #2 [a]ttempt – [r]etail [t]heft. Following announcement of the jury's verdict, this [c]ourt inquired as to whether [Postie] would be requesting a pre-sentence investigation. [Postie] stated that he did not wish to have a pre[-]sentence investigation report prepared and sentencing was deferred until October 7, 2013.

On October 7 2013, [Postie] was sentenced to make restitution to [Walmart] in the sum of [$7,780.00] and to undergo imprisonment for a period of not less than one (1) year nor more than thirty (30) months, from October 7, 2013, in a state correctional institution. This sentence was to run consecutive to the sentences previously imposed by the Court of Common Pleas of Schuylkill County in case number CP-54-CR-1311-2011 ([r]etail [t]heft – [t]aking [m]erchandise) and by the Court of Common Pleas of Northampton County in case number CP-48-CR-2304-2012 ([c]onspiracy – [b]urglary).

[Postie] filed a post-trial motion for relief on October 17, 2013. Following a hearing on January 8, 2014, this [c]ourt denied [Postie]'s post-trial motion. A copy of our [o]rder denying [Postie]'s post-trial motion was mailed to counsel for the Commonwealth and [Postie]'s stand-by trial counsel on January 23, 2014. [Postie] was not mailed a copy of the aforesaid [o]rder until March 7, 2014. On March 21, 2014, [Postie] filed his [n]otice of [a]ppeal.

Trial Court Opinion, 5/27/14, at 2-4 (footnote and record citations omitted).[3]

---

[3] On the same day Postie filed his notice of appeal, he also filed a petition to appeal nunc pro tunc based on the trial court's failure to inform him of the denial of his post-sentence motions until March 7, 2014. *See* Petition to Appeal Nunc Pro Tunc, 3/21/14. On March 27, 2014, the trial court granted Postie permission to proceed with his appeal nunc pro tunc. *See* Trial Court Order, 3/27/14.

On appeal, Postie raises the following three issues for our review and determination:

> 1) Did the [trial court] err in denying exclusion of two videos introduced by the Commonwealth and used as evidence of prior bad acts in conjunction with their intended purpose, that of identification, where the evidence would be considered cumulative?
>
> 2) Is "[c]arry [a]way" an essential element to the crime of [r]etail [t]heft and is the [s]tatute [v]oid for [v]agueness as it pertains to the facts of this case? If so, did the [trial court] err by denying [Postie]'s [m]otion for [d]irected [v]erdict of [a]cquittal as a result?
>
> 3) Did the [trial court] abuse its discretion and render an unreasonable sentence when it sentenced [Postie] strictly on the severity of the offense and by not articulating its reasoning for the sentence imposed?

Postie's Brief at 5.

For his first issue on appeal, Postie argues that the trial court erred by denying his pre-trial motion in limine seeking to exclude two Walmart security videos from evidence. *Id.* at 11-13. Postie claims that the Commonwealth offered four videos, revealing the following:

> One video depicted an individual opening, removing, [and] placing items from a display case on top of the display case; two videos showed the same individual at two separate times, pushing a shopping cart through the store with merchandise inside; the fourth video showed the same individual exiting via the main entrance, carrying no items.

*Id.* at 11. Postie sought to exclude the two videos depicting an individual pushing a shopping cart containing merchandise through the store. *Id.* at 11-13.

"When reviewing the denial of a motion in limine, we apply an evidentiary abuse of discretion standard of review." ***Commonwealth v. Stokes***, 78 A.3d 644, 654 (Pa. Super. 2013), *appeal denied*, 89 A.3d 661 (Pa. 2014). Our Court has held that "[a]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Antidormi***, 84 A.3d 736, 749-50 (Pa. Super. 2014) (quotations and citations omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014). "An abuse of discretion may result where the trial court improperly weighed the probative value of evidence admitted against its potential for prejudicing the defendant." *Id.* (quotations and citations omitted).

Postie makes two arguments in support of his claim that the trial court erred in not excluding the two videos at issue. *See* Postie's Brief at 11-13. First, Postie argues that "these two videos had the … potential to prejudice [him] by introducing inferential evidence of prior wrongs or bad acts[.]" *Id.* Postie asserts that the videos caused the jury to infer that he had prior convictions stemming from the theft of the merchandise observed in the two

videos, even though he was not charged with stealing that particular merchandise. *See id.*

We conclude that Postie has waived this argument on appeal. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (citations omitted). Here, Postie does not cite any authority for the proposition that the introduction of the two videos at issue would be improper evidence of prior bad acts and convictions. *See* Postie's Brief at 11-13. Postie does not cite to Rule 404(b) of the Pennsylvania Rules of Evidence, which addresses prior bad acts and conviction evidence. *See id.* Postie also does not explain how these two videos, which show him pushing a shopping cart containing merchandise in Walmart contemporaneous to the time that he broke into the display case containing the iPhones, were evidence of a prior bad act or conviction. Accordingly, Postie has failed to develop this argument in any meaningful fashion capable of review, and thus, has waived this claim. *See Johnson*, 985 A.2d at 924.

Second, Postie contends that the two videos he sought to exclude represented needlessly cumulative evidence because the Commonwealth only sought to introduce the two videos to identify him, the remaining videos that the Commonwealth introduced were sufficient to identify him, and he

was willing to stipulate that he was the individual in all of the videos.

Postie's Brief at 11-13.

Regarding the admission of evidence, this Court has stated the following:

> The threshold inquiry with admission of evidence is whether the evidence is relevant. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." **Commonwealth v. Spiewak**, [] 617 A.2d 696, 699 ([Pa.] 1992). In addition, evidence is only admissible where the probative value of the evidence outweighs its prejudicial impact. **Commonwealth v. Story**, [] 383 A.2d 155 (Pa. 1978).

**Stokes**, 78 A.3d at 654 (quoting **Commonwealth v. Robinson**, 721 A.2d 344, 350 (Pa. 1998)). This Court has further explained,

> Otherwise relevant evidence may be excluded if its probative value is outweighed by its potential for prejudice. "The probative value of the evidence might be outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, pointlessness of presentation, or unnecessary presentation of cumulative evidence."

**Antidormi**, 84 A.3d at 750 (quoting **Commonwealth v. Page**, 965 A.2d 1212, 1220 (Pa. Super. 2009)); **see also** Pa.R.E. 403. For cumulative and corroborative evidence, our Court has stated the following:

> Evidence may be excluded if its probative value is outweighed by the "needless presentation of cumulative evidence." Pa.R.E. 403. We define cumulative evidence as "additional evidence of the same character as existing evidence and that

- 7 -

supports a fact established by the existing evidence." ***Commonwealth v. G.D.M., Sr.***, 926 A.2d 984, 989 (Pa. Super. 2007) (quoting Black's Law Dictionary, Seventh Edition, at 577), *appeal denied*, [] 944 A.2d 756 ([Pa.] 2008). Evidence that strengthens or bolsters existing evidence is corroborative evidence; we have previously explained that corroborative evidence is not cumulative evidence. ***See id.***

***Commonwealth v. Flamer***, 53 A.3d 82, 88 n.6 (Pa. 2012).

Assuming arguendo that Postie is correct and the two videos he sought to exclude were needlessly cumulative, we conclude that any such error on the part of the trial court was harmless. Harmless error exists, inter alia, where "the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence." ***Commonwealth v. Reese***, 31 A.3d 708, 719 (Pa. Super. 2011).

Here, if the alleged erroneously admitted videos were needlessly cumulative, then they were cumulative of other untainted evidence. Postie readily admits that he was the individual observed in the first video referenced above breaking into the display case and removing the thirteen stolen Apple iPhones from the case. ***See*** N.T., 8/5/13, at 25. Thus, we conclude that any alleged error by the trial court in admitting the two videos at issue would have been harmless. Accordingly, this argument does not entitle Postie to any relief.

In his second issue on appeal, Postie raises three arguments relating to the retail theft statute, 18 Pa.C.S.A. § 3929(a)(1). *See* Postie's Brief at 14-19. First, Postie asserts that "takes possession of" and "carries away" are "two distinct and separate elements" of the retail theft statute and therefore, the statute requires the Commonwealth to prove beyond a reasonable doubt that he "carried away" the thirteen Apple iPhones from the electronics department or the store. *See id.* at 14-18. Second, Postie contends that the evidence was insufficient to sustain his conviction for retail theft because there was no evidence that he "carried away" the thirteen Apple iPhones from the electronics department or the store. *See id.* at 17-18. Third, Postie argues that the trial court did not instruct the jury that "carries away" was an essential element of retail theft. *See id.* at 18-19.

We begin Postie's second issue by addressing his challenge to the sufficiency of the evidence.[4] In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission

---

[4] Because we conclude that the evidence was sufficient to establish that Postie both "took possession of" and "carried away" the thirteen Apple iPhones, we need not address Postie's argument that the statute requires evidence of both of these elements.

thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013)

(internal quotations and citations omitted).

Section 3929(a)(1) of the Crimes Code states the following:

**(a) Offense defined.--**A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;

18 Pa.C.S.A. § 3929(a)(1).

The sole element of section 3929(a)(1) that Postie argues the Commonwealth did not prove is that he carried away the thirteen Apple iPhones from the electronics department or the store. Postie's Brief at 17-18. We conclude that there is sufficient evidence in this case that Postie both took possession of and carried away the thirteen Apple iPhones from the store and therefore committed retail theft. Postie readily admits that he was the individual observed in the video breaking into the display case and removing the thirteen stolen Apple iPhones from the case. **See id.** at 11-12; N.T., 8/5/13, at 25. Additionally, Austin Diehl, an Asset Protection Associate at the Walmart store in question testified that Walmart never recovered the thirteen Apple iPhones and that Walmart never sold them from a different department in the store. N.T., 8/5/13, at 30, 33-34. Our standard of review requires us to evaluate the record in the light most favorable to the Commonwealth as the verdict winner and the Commonwealth may sustain its burden of proof by means of circumstantial evidence. **See Franklin**, 69 A.3d at 722-23. Postie admits that he took possession of the merchandise and the evidence established that it was never again recovered or sold by Walmart. Since the iPhones were no longer in the Walmart store, the logical inference is that the merchandise acquired by Postie by breaking into the display case was removed from the store by him. Thus, Postie's sufficiency of the evidence claim fails.

For his third argument in his second issue, Postie challenges the trial court's jury instructions, arguing that the trial court did not instruct the jury that "carries away" was an essential element of retail theft. Postie's Brief at 18-19. When assessing a trial court's jury instructions, we adhere to the following standard.

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Antidormi*, 84 A.3d at 754 (quoting *Commonwealth v. Trippett*, 932 A.2d 188, 200 (Pa. Super. 2007)). We conclude that Postie's claim is without merit. The trial court plainly included the term "carried away" in its instructions to the jury for Postie's charge of retail theft. N.T., 8/5/13, at 119. Thus, Postie is not entitled to any relief for his second issue on appeal.

For his final issue on appeal, Postie challenges the discretionary aspects of his sentence. Postie's Brief at 20-26. This Court does not review such issues as a matter of right. "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects

- 12 -

of a sentence." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265

(Pa. Super. 2014). The appellant must satisfy all of the following:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation

omitted), *appeal denied,* 86 A.3d 231 (Pa. 2014). A substantial question

exists when, "the sentence violates either a specific provision of the

sentencing scheme set forth in the Sentencing Code or a particular

fundamental norm underlying the sentencing process." ***Commonwealth v.***

***Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005).

Here, Postie preserved his discretionary aspects of sentencing issue by

raising it in a post-sentence motion. ***See*** Post-Trial Motion for Relief,

10/24/13, ¶¶ 16-17. Postie also filed a timely notice of appeal. Further,

Postie set forth a concise statement of reasons relied upon for the allowance

of his appeal pursuant to Rule 2119(f). ***See*** Postie's Brief at 20.

Thus, we must determine whether Postie's discretionary aspect of

sentencing claims raise a substantial question for our review. First, Postie

asserts that the trial court failed to state its reasons on the record for the

sentence that it imposed. ***Id.*** at 20-26. A claim that the trial court failed to

sufficiently state on the record its reason for the sentence that it imposed raises a substantial question for our review. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252-53 (Pa. Super. 2006); ***Commonwealth v. Simpson***, 829 A.2d 334, 338 (Pa. Super. 2003). Second, Postie contends that the trial court did not consider the factors of section 9721(b) of the Sentencing Code in sentencing him. Postie's Brief at 20-26. A claim that the trial court did not consider the factors of section 9721(b) in sentencing him likewise raises a substantial question. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (en banc); ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). Because Postie has complied with the technical requirements for consideration of a challenge to the discretionary aspects of a sentence, we will consider his claim on its merits.

Our standard of review when considering discretionary aspects of sentencing claims is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or

- 14 -

arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

We conclude that the sentencing court abused its discretion in sentencing Postie. Section 9721(b) of the Sentencing Code states, in pertinent part, the following:

> **(b) General standards.--** … the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. … In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b). Thus, "a sentencing court must state on the record its reasons for imposing sentence." *Malovich*, 903 A.2d at 1253. Additionally, "sentencing is individualized" as the sentencing court must "impose a sentence that is 'consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.'"

*Commonwealth v. Walls*, 926 A.2d 957, 962-63 (Pa. 2007) (quoting 42 Pa.C.S.A. § 9721(b)).

Here, the certified record on appeal reveals the following.[5] At his sentencing hearing, the sentencing court began by asking Postie if there was anything he would like the court to consider prior to imposing a sentence. N.T., 10/7/13, at 2. After Postie answered no, his standby counsel informed the sentencing court of Postie's prior record score and offense gravity score. *Id.* at 2-3. The Commonwealth then informed the sentencing court of the sentence it sought and the amount of restitution that Walmart requested. *Id.* at 3-4. The sentencing court then informed Postie of his sentence and proceeded directly to providing him with his post-sentence rights. *Id.* at 4-7. At no point did the sentencing court state on the record its reasons for the sentence that it imposed or indicate that it considered the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. *See id.* at 2-9; *see also* 42 Pa.C.S.A. § 9721(b). Accordingly, we must vacate Postie's sentence and remand for re-sentencing. Upon

---

[5] Notably, "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors." *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006) (quoting *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)). However, in this case, the sentencing court did not review a pre-sentence report because Postie waived his right to a pre-sentence investigation. *See* N.T., 8/5/13, at 143-44.

remand for re-sentencing, the trial court is free to impose any legal sentence it deems appropriate so long as it sufficiently states its reasons on the record for the sentence imposed and indicates that it has considered the factors set forth in section 9721(b).

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014